# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HILL, Inmate #B-39228, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-563-DRH |
| ) | |
| ILLINOIS DEPARTMENT OF ) CORRECTIONS, DANIEL AUSTIN and ) BILLY GROANING, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly an inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Despite having accumulated "three strikes," the Court granted his motion for leave to proceed *in forma pauperis*, finding that at least some of his allegations supported his claim that he is under "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Groaning for assault and threat of assault.

**COUNT 2:** Against Defendants Austin and Groaning for placing him in segregation in

>retaliation for filing grievances against Groaning and other I.D.O.C. personnel.

**COUNT 3:** Against unspecified officers for assault.

**COUNT 4:** Against unspecified defendants for failure to treat a mouth infection.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## COUNT 1

Plaintiff alleges that in September 2006, Defendant Groaning threatened to kill him; this threat came after Groaning and other officers had assaulted him without provocation.

As stated above, Plaintiff was permitted to proceed *in forma pauperis* in this action under the "imminent danger" exception to the "three strikes, rule. *See* 28 U.S.C. § 1915(g). The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are

not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Examples of imminent danger include being repeatedly placed near one's enemies, despite prior assaults, *see Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998); an untreated mouth infection that had caused the extraction of five teeth, *see McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002); and failure to treat a chronic disease, such as Hepatitis C, that "could result in serious harm or even death constitutes a 'serious physical injury,'" *see Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006). "[V]ague and utterly conclusory" assertions of lack of medical treatment are insufficient to demonstrate imminent danger of serious physical injury. *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Based on these legal standards, the Court finds that the instant claim – a past assault by Groaning in 2006 – does not constitute imminent danger of serious physical injury at the time the complaint was filed (over a year later). Consequently, Plaintiff may not proceed *in forma pauperis* on this claim. Accordingly, Count 1 is dismissed from this action. Dismissal is without prejudice to Plaintiff refiling this claim in a separate lawsuit with payment of the full $350 filing fee.

**COUNT 2**

In April 2007, Plaintiff filed a grievance against Groaning for his continued harassment. Shortly afterwards, Internal Affairs moved Plaintiff to segregation for 30 days, and then to a "non-movement" cell for another 90 days. He alleges that this placement was ordered by Defendants

3

Austin and Groaning in retaliation for the grievances Plaintiff filed against Groaning.

As with Count 1, these allegations do not constitute imminent danger of serious physical injury. Consequently, Plaintiff may not proceed *in forma pauperis* on this claim. Accordingly, Count 2 is dismissed from this action. Dismissal is without prejudice to Plaintiff refiling this claim in a separate lawsuit with payment of the full $350 filing fee.

**COUNT 3**

Plaintiff next states that on July 12, 2006, he slipped and fell in a puddle of water. When he did not immediately get up, he alleges that unspecified officers banged his cell door against his head, and then forced the door closed on his head and neck.

Clearly, the Court does not condone this sort of treatment. However, as with Counts 1 and 2, these allegations do not constitute imminent danger of serious physical injury when Plaintiff filed this action more than a year later. Consequently, Plaintiff may not proceed *in forma pauperis* on this claim. Accordingly, Count 3 is dismissed from this action. Dismissal is without prejudice to Plaintiff refiling this claim in a separate lawsuit with payment of the full $350 filing fee.

**COUNT 4**

Plaintiff's final claim is that for nine years, he has suffered from an untreated mouth infection. As a result, more than ten teeth have been extracted, and he fears that he may lose the rest of his teeth if his condition remains untreated. Such allegations do support a claim that he is in imminent danger of serious physical harm. *See McAlphin*, 281 F.3d 709. However, Plaintiff has not made any allegations against any specific defendant regarding his dental care.

The reason that Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required

4

to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED.R.CIV.P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Accordingly, as presented in this action, Plaintiff has failed to state a claim against any defendant regarding his medical care, and this claim is dismissed without prejudice to filing an amended complaint in which he identifies specific defendants who have denied him dental care.

**MOTION TO CONSOLIDATE AND SUPPLEMENT (DOC. 6)**

In this motion, Plaintiff first asks that this action be consolidated with another that he filed a few weeks prior to this action. *See Hill v. Austin*, Case NO. 07-cv-510-DRH (S.D. Ill., filed July 12, 2007). Apparently he did not receive timely confirmation of his first filing, thus prompting him to file the instant complaint. That other case has already been closed; thus, his request for consolidation is **DENIED**.

In this motion, he also includes allegations of assaults in July 2006 at the hands of two other individuals – Rightnowar and Chahabra. Apparently Rightnowar was involved in the July 12 incident described in Count 3, while the incidents with Chahabra occurred in the health care unit.

The Court has already dismissed Count 3, and thus the supplement naming Rightnowar is MOOT. As for the new claims against Chahabra – Plaintiff may not proceed *in forma pauperis* on these claims. Therefore, if Plaintiff wishes to proceed against Chahabra, he may do so in a separate lawsuit with payment of the full filing fee. Thus, the request to supplement is **DENIED**.

5

**SUPPLEMENT (DOC. 10)**

In this pleading, Plaintiff attempts to add new claims against new but unidentified individuals; these claims arise out of events that occurred in June 2008. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, Plaintiff may not proceed with these claims in this action. Rather, if he wishes, he may file these claims in a new lawsuit.

**MOTION FOR ORDER OF PROTECTION (DOC. 7)**

In this motion, Plaintiff complains of ongoing harassment by Groaning and other officers, and he asks the Court to order a stop to this harassment. Essentially, Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order is DENIED.

## MOTION TO APPOINT COUNSEL (DOC. 5)

Plaintiff also requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED**.

## REMAINING DEFENDANT

In addition to Austin and Groaning, Plaintiff also named the Illinois Department of Corrections as a defendant in this action. However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Accordingly, the IDOC is **DISMISSED** from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2,** and **COUNT 3** are **DISMISSED** from this action. Dismissal is without prejudice to Plaintiff bringing these claims in a fully paid lawsuit.

**IT IS FURTHER ORDERED** that Defendants **GROANING, AUSTIN,** and **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** from this action with prejudice**.**

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint with respect to his dental care within thirty (30) days of the date of entry of this order. His amended complaint shall address only his dental care, and he shall identify specific defendants who have denied him that dental care.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within the allotted time, judgment will be entered in this action to close this case.

**IT IS SO ORDERED.**

**DATED: July 25, 2008.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**