IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM HILL,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        Case No. 3:07-cv-563 DRH
                                       )
ILLINOIS DEPARTMENT OF                 )
CORRECTIONS, et al.,                   )
                                       )
        Defendants.                    )

**ORDER**

Plaintiff, an inmate in the Stateville Correctional Center, filed his complaint in this matter On August 6, 2007, the Plaintiff, a prisoner acting pro se, filed a complaint against a number of Illinois Department of Corrections officials for failing to provide him with dental treatment (Doc. 1). On October 16, 2008, the District Court completed its threshold review of the complaint, finding that Plaintiff presented a claim for deliberate indifference to his serious dental needs by Defendants Miller, Roman, and John Does (Doc. 24). In answering the complaint, Defendant Miller raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. §1997e(a) (Doc. 26).

The Seventh Circuit recently held that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In an attempt to comply with *Pavey* as closely as possible, the Court will follow the procedure outlined below.

1.      The parties are granted 45 days in which to conduct discovery related exclusively to the issue of exhaustion of administrative remedies.

2. The undersigned magistrate judge will hold a hearing on the question whether Plaintiff has exhausted his administrative remedies on **June 16, 2009, at 2:00 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by videoconference. Defendants shall appear in person. In lieu of witness testimony, the parties may submit briefs, affidavits, and exhibits relevant to the question of exhaustion. Briefs, affidavits, and exhibits are due **June 8, 2009.**

3. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence presented at the hearing.

**IT IS SO ORDERED.**

**DATED: April 15, 2009**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**