IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-563-DRH |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing suit. It is **RECOMMENDED** that the Court **FIND** that Plaintiff has failed to exhaust his administrative remedies and that Plaintiff was at fault for the failure, that Defendant Miller's Motion for Summary Judgment (Doc. 35) be **GRANTED**, that Defendants Roman and the John Does be **DISMISSED** from the action, that the action be **DISMISSED** in its entirety, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff filed his complaint on August 6, 2007. Upon threshold review of that complaint, Chief United States District Judge David R. Herndon found that Plaintiff had stated a claim for deliberate indifference to his serious dental needs, but that Plaintiff did not identify by name any individuals responsible for the mistreatment. Judge Herndon dismissed the complaint without prejudice (Doc. 14). After an appeal of that order was dismissed, Plaintiff filed an amended

complaint naming Mary Miller, John Roman, and John Does 1 and 2, identified only as the dentists at Vienna and Shawnee Correctional Centers (Doc. 23).  Upon threshold review of the amended complaint, on October 16, 2008, Judge Herndon allowed Plaintiff's case to proceed against Mary Miller, John Roman, and the two John Doe defendants for deliberate indifference to his serious medical needs for failing to treat an ongoing mouth infection (Doc. 24).

Defendant Mary Miller answered the complaint and raised the affirmative defense of failure to exhaust administrative remedies (Doc. 26).  On June 8, 2009, Defendant Miller filed a Motion for Summary Judgment arguing that Plaintiff had not exhausted his administrative remedies on the claim against her (Doc. 35).  Attached to her motion for summary judgment, Defendant Miller provided the affidavit of Jackie Miller, Chairman of the Administrative Review Board ("ARB"), in which Ms. Miller avers that Plaintiff did not file appeals of any grievances with the ARB regarding denial of dental treatment at Danville Correctional Center between 2001 and 2005 (Doc. 35, Exh. A).

In light of the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing in the matter on June 16, 2009, after granting the parties 45 days in which to conduct additional discovery on the issue, to determine whether Plaintiff had properly exhausted his administrative remedies.

At the hearing, Defendant Miller submitted a second affidavit from Jackie Miller, chairperson of the ARB, indicating that she had searched Plaintiff's ARB file from 2001 to the day of the hearing, June 16, 2009, and found that Plaintiff fully exhausted a number of grievances through to the ARB regarding other issues.  Defendant Miller argued that because Plaintiff did not file any grievances to the ARB on the denial of dental treatment by Defendant Miller, Plaintiff failed

to fully exhaust his administrative remedies on the claim against her.

Plaintiff submitted two exhibits in support of his claim that he did exhaust his administrative remedies. Plaintiff submitted a grievance form dated June 12, 2004, complaining that he had not received proper dental treatment at Danville Correctional Center.[1] Plaintiff marked the grievance as an emergency and sent this grievance directly to the Administrative Review Board. On June 14, 2004, the grievance was returned to him, unreviewed, because he had not followed the proper procedures for filing an emergency grievance, namely, that emergency grievances are to be filed directly with the Chief Administrative Officer ("CAO") of the institution. Written on the return form was the note, "Go through grievances process–be more specific with dates and times." Plaintiff stated at the hearing that he did file another grievance through his counselor, but that it was never returned to him so that he could appeal it. Plaintiff also submitted a memorandum from Defendant Miller to Plaintiff dated August 16, 2004. The memorandum summarizes the dental treatment Plaintiff had received between April 15, 2004, and August 16, 2004, and admonishes Plaintiff to attend his appointments when scheduled.

Plaintiff did not deny that he sent the first grievance to the ARB in error, but stated that after the grievance was returned to him unreviewed, he did submit another grievance through the proper institutional channels (Hrg. Trans. p. 17). Plaintiff did not submit a copy of that grievance for the Court's review. Plaintiff stated that he believed the memorandum from Defendant Miller described above was a response to the second grievance, but that the actual grievance was never returned to him so he could file an appeal (Hrg. Trans. P. 19).

---

[1] Defendant Miller is not identified in the grievance.

**CONCLUSIONS OF LAW**

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. An inmate must first attempt to

resolve the complaint informally. If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. 20 Ill. Admin. Code § 504.810. The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. 20 Ill. Admin. Code § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. 20 Ill. Admin. Code § 504.850. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent person injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. 20 Ill. Admin. Code §504.840.

An inmate is required to exhaust only those administrative remedies as are "available" to him. See 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Because remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba v. Stepp*, 458 F.3d 678, 684 (2006).

The parties do not dispute that Plaintiff did not properly file any grievances or appeals on the issue of denial of dental treatment with the ARB. Defendant Miller has met her burden of establishing that Plaintiff did not exhaust his administrative remedies with the two affidavits of

5

Jackie Miller indicating that Plaintiff did not appeal any grievances against Defendant Mary Miller regarding denial of dental treatment. Plaintiff must rebut that evidence. As an explanation, Plaintiff contends that after the June 12, 2004, grievance was returned to him unreviewed by the ARB, he did file another grievance regarding the denial of medical treatment and he did submit it properly to the grievance officer, but that it was never returned to him so he could not appeal it. He did not provide a copy of that grievance to the Court. He also argued that the August 16, 2004, memorandum from Mary Miller was a response to that grievance.

Based on the facts adduced at the hearing, the Court finds that Plaintiff did not exhaust his administrative remedies prior to filing suit. Plaintiff concedes that he did not file an appeal of a denied grievance regarding dental treatment to the ARB. He argues that he could not file an appeal because the grievance was not returned to him. Plaintiff argues, in essence, that further administrative remedies became "unavailable" to him after he received no response to his grievance.

While Plaintiff intended the memorandum from Defendant Miller to demonstrate that he did file the second grievance, it's existence actually undercuts Plaintiff's argument that he could not appeal the grievance because he did not receive a response. Plaintiff stated at the hearing that he believed the memorandum to be a response to the grievance. If he was unsatisfied with that response, he should have filed an appeal to the ARB. He did not do so. The Court also finds persuasive the evidence that Plaintiff did appeal a number of grievances on other issues during the time period he was incarcerated at Danville, which demonstrates that Plaintiff was familiar with the grievance process. Because Plaintiff's failure to exhaust was due to his own failure to file an appeal, the fault lies with Plaintiff himself and the claim should be dismissed. *Pavey*, 544 F.3d at 742. Thus, the Court **RECOMMENDS** that the District Court **FIND** that Plaintiff did not exhaust his

6

administrative remedies prior to filing suit and **GRANT** summary judgment in favor of Defendant Miller.

## OTHER DEFENDANTS

On February 10, 2009, the waiver of service was returned unexecuted as to John Roman, indicating that he was deceased. The Court entered a suggestion of death upon the record on April 14, 2009, granting the parties until July 14, 2009, to file a motion for substitution pursuant to Fed. R. Civ. P. 25(a). That deadline has passed, and no motions for substitution have been filed. Accordingly, the Court **RECOMMENDS** that the claims against Defendant Roman be **DISMISSED**.

On June 16, 2009, the Court ordered Plaintiff to identify the two John Doe defendants named in the amended complaint by July 14, 2009 (Doc. 38). Plaintiff was warned that his failure to identify these defendants may result in their dismissal from the action. Despite this warning and the Court's previous order that service would not be made on any defendant until Plaintiff provided the Court with a properly-completed USM-285 form (Doc. 24), Plaintiff has failed to identify these two defendants. Accordingly, the Court **RECOMMENDS** that the claims against them be **DISMISSED**.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Court **FIND** that Plaintiff failed to exhausted his administrative remedies and that Plaintiff was at fault for the failure, that the Motion for Summary Judgment (Doc. 35) be **GRANTED**, that Defendants John Roman and John Does 1 and 2 be **DISMISSED**, that the action be **DISMISSED** in its entirety, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 22, 2009**

                                                   s/ *Donald G. Wilkerson*
                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**